Shackeleord, J.,
delivered the opinion of the Court.
This is a hill filed in the Chancery Court of Grainger County, hy the complainant, Rachel Harrell, widow of Calvin Harrell, deceased, for the purpose of having dower assigned in a tract of land, of which she alleges her husband died seized and possessed.
*378 The hill alleges, that, sometime — from six to twelve months — before the death of complainant’s husband, the land was levied on and condemned to be sold, to satisfy a judgment recovered against her husband in his lifetime, by one Jacob Shields. The land was sold on the '28th of October, 1857, and bid off by the judgment creditor, Jacob Shields, who afterwards transferred his bid to Rodman Harrell and J. J. Harrell. The land was sold before the death of the complainant’s husband, but no deed was made by the Sheriff until after his death. The. bill further alleges, that the defendants have since obtained a Sheriff’s deed, and instituted an action of ejectment for the recovery of the land, which the complainant seeks to' enjoin, and have her dower assigned.
The defendants answer and admit, substantially, the allegations of the bill, but allege, by way of cross-bill ■in the answer, ' that ■ the complainant’s'husband, at his “death, only had. title to the dower interest in said lands, which had been assigned to' the widow of John Hann, deceased. The title papers are set out in the record.
The ■ Chancellor, on . the hearing, ■ dismissed , the bill, awarded a writ of possession to the defendants, and taxed the complainant with all the costs of the ‘ cause, as well as the costs of the ejectment suit; from which the complainant appealed to this • Court.
The title papers set out in the record, do not sustain the allegations in the cross-bill; and if .they did, we can take no notice of it as a. cross-bill, for want of a bond, etc..
The question presented for our determination, is : Did the levy and sale of the lands in the lifetime of the *379 .husband, ■ and, tbe subsequent execution of tbe deed by the Sheriff,! after h'is. death, bar the complainant of the xight of dower? , ■ ...
,. The husband having died .before the Code went into .effect, the case must be determined by the. law as. it existed, when her right of dower would attach. ' By the .provisions of the Act of 1784, the wife was entitled to •dower in all the lands of which the husband died seized and possessed. ; Under the provisions \of. this Act, this Court held, (4 Yer., 266,) “If the husband die after his lands are levied upon, and before sale, his widow is entitled to dower.” The case referred to, determined the widow’s rights to dower were superior., to the general creditor’s-; that the levy', of: execution was not: such a divestiture of title, as would, defeat her dower. .. The same principle, was recognized .in 6 Hum., 423. Previous to the passage of the Act .of.- 1856, a -.mortgage or deed of trust, though not registered; -passed the title •and defeated the widow’s right of .dower, though,the husband retained the actual possession — the legal. seizin passed to the trustee. or, mortagee.. That Act. provided, that - when the_ husbsnd died before the mortgage was -foreclosed, or a sale- of land under . the trust, deed, the widow should be-endowed in the lands. /
The Courts have ¡-always given á' broad and liberal -construction to the law giving dower. '.It .is a. right that has ever been favored; it is founded on the moral obligation of the husband to provide for the/wife, not only during the coverture, but after- his -death. • During the existence of the coverture, her rights . are all. merged in-that of the-■ husband. The common law gave, to her *380 the right of dower in all the lands of which her husband was seized during the coverture, and he could not defeat that right without her assent. It is a right as old and as venerable as the common law. Lord Bacon says: “It is transmitted to us as a maxim, that the law favoreth three things — life, liberty and dower:” Bacon on Uses. Did the levy and sale of the property in the lifetime of the husband divest him of the title so as to bar the complainant ? The Act provides she shall be endowed of all the lands of which he died seized and possessed.
It is insisted, that the levy of an execution upon real estate, and the return of the Sheriff that he had sold it, vests the legal title in the purchaser. This Court held, in the case of Crutsinger vs. Catron, 10 Hum., 24: “The levy of an execution upon land, does not divest the seizin of the owner. No title or interest thereto is vested in the Sheriff by the levy; he is the mere agent, under the law, to sell; the judgment and the execution constitute his authority to make the sale; but when he exposes the land at public auction, and knocks it down to the highest bidder, there is nothing but a contract to buy and sell at the price paid, which can only be executed by a conveyance, which is to be made by the Sheriff; and until this is done, no title passes to the purchaser, if he — and he may if he choose — refuse to complete the purchase, if he be willing to submit himself to the legal consequences of such refusal.”
It was held, in the case of Overton vs. Perkins, 10 Yer., 332: “ The levy did not divest the title; that it had no other effect than to fix upon the particular tract as the subject from which the particular sum named in the *381 execution, is to be raised.” The Sheriff, after the levy and sale, cannot deliver the possession to the purchaser. If he wishes the possession, he must procure his deed and resort to his action of ejectment.
It was held, in the case referred to, (Crutsinger vs. Catron,) “when an execution is levied on land, no interest, whatever, is vested thereby, in the Sheriff. Upon a sale made, he does not pass the possession, for he has none to pass; but his deed of bargain and sale, made thereon, by operation of law, transfers the legal title, and the purchaser is entitled to his ejectment to get into possession.” If the seizin was not affected by the levy and sale, in whom was the legal title until the execution of the Sheriff’s deed?—not in the purchaser; it cannot be considered in the custody of the law, or in abeyance; it must, therefore, have remained in the husband of the complainant, who was seized and possessed of the land, and, upon his death, descended to his heirs; and he or they could only be disseized by the execution of the deed of the Sheriff. But, before the execution of this deed, the rights of the complainant had vested, under the law. It was a right contingent upon the death of the husband. Can that be de- • feated by the subsequent execution of the Sheriff’s deed ? We think not.
It is insisted that the deed, upon its execution, related back and took effect from the levy and sale, and thereby defeated the right of dower. This Court held, in the case of Overton vs. Perkins, 10 Yer. 333, “the doctrine of relation is a fiction of law, intended to sub-serve the ends of justice; nor will it apply in any case’ *382 except between tfclie- same parties and for the same' ends; but it shall- never work a. wrong to strangers,' or defeat collateral -acts which are lawful:” Frost vs. Etheridge, 1 Dev., 30; 3 Coke, 29; Hob., 222. By the death of the husband, the -right óf dower- in- thé. land' vested in ' the complainant," and ; if- cannot be defeated by the subsequent execution' ,of the; 'Sheriff's deed/ • She takes the estate vested in her; by .operation, of' law, untrammeled by the debts of her- husband: ! ■
We are' of'opinion, therefore,'..that,' by the levy, sale’ and payment: of the purchase’money,-an equitable, title, to the land only,., vested;,in, the/pur,chaser; and, under the liberal construction we-..:are; bound,to. give ’the Act of 1784, the levy and -sale-of ;the- lands ,in this, case by the Sheriff, did n’ot- disseise jfhe; -husband., of thei;title.; that he died ^eized.-axid ..possessed of-the land as contem-f plated by the., provisions-of Ahe-Act of 1784, giving the widow the right of - dower-.-,The.,subsequent/execution of the - Sheriff's deed, ’after,"the death -of the ’husband, , Could not, by. relation; defeat; the, right of ■ dower which had attached by the- provisions: of. the Act "aforesaid. The complainant ■ is- entitled to,-, the -. relief;,;and. to. -have hen-dower assigned “her in the ’land, i ■ i .. - -, ,
The decree, of’the Chancellor, .will be'reversed,' and a decree for the complainant. .■: ,